Ivory Lee BRADLEY, Appellant,

v.

STATE of Texas, Appellee.

No. 13–81–312–CR.

Court of Appeals of Texas,
Corpus Christi.

April 28, 1983.

Bobby Caldwell, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Houston, for appellee.

Before BISSETT, UTTER and KENNEDY, JJ.

## OPINION

KENNEDY, Justice.

This appeal is from a conviction of possession of a firearm by a felon, enhanced by proof of two prior convictions for felonies. Punishment was assessed, automatically, at life. We affirm.

A brief review of the facts is helpful.

The episode began when appellant pointed a shotgun at a Mr. Clusky on a Houston street and threatened him. Clusky later reported the incident to two peace officers, C.A. Kellum and A. Palos, and told them that appellant might also be armed with a pistol. Together, they located appellant in a bar. The officers requested appellant to go outside where the noise would not interfere with their conversation, which appellant agreed to do. Appellant was frisked in a search for a pistol, during which search a bag of marihuana was found. Appellant was then placed under arrest for possession of marihuana. A search of appellant's car revealed more marihuana and a shotgun, which weapon is the basis for the indictment upon which appellant was tried.

Appellant's first ground of error complains of the trial court's denial of his motion to suppress the evidence seized incident to the arrest from appellant's person and from his car. The same complaint is made in appellant's pro se brief as ground of error number two. During a pretrial hearing on the motion to suppress, Officer Kellum testified that appellant voluntarily gave the officer his car keys and told him that he could "look in" his car. Appellant denied this.

The trial judge is the judge of the credibility and the facts on a motion to suppress. *Walker v. State,* 588 S.W.2d 920 (Tex.Cr.App.1979); *Draper v. State,* 539 S.W.2d 61 (Tex.Cr.App.1976). In the case before us, the trial judge resolved the conflicting testimony against appellant. We will not disturb his findings. Appellant's first ground of error is overruled.

The second ground of error alleges fundamental error in accepting the jury's verdict because the verdict does not conform to the indictment and the court's charge.

The indictment charges that the appellant did "... possess away from the premises where he lived at the time a firearm, namely, a shotgun, and prior to the possession the defendant had been convicted of a felony involving an act of violence...." The court's charge employs almost identical language in the charging portion thereof, although the words used are slightly rearranged.[1]

The forms of verdict page attached to the charge, following the judge's signature on the last page of the charge, offered the jury two choices. The foreman could have signed his name following either: "We, the jury, find the defendant, Ivory Lee Bradley, not guilty" or "We, the jury, find the defendant, Ivory Lee Bradley, guilty of unlawful possession of a firearm by a felon." The foreman signed the latter verdict form.

Appellant's reliance upon *Robles a/k/a Steve Tepp v. State,* 628 S.W.2d 267 (Tex. App.—Corpus Christi 1982, no d.r.) is misplaced. There, the conflict was between the indictment and the charging portion of the court's charge. The heading of Tex.Penal Code (Vernon 1979) § 46.05 is "Unlawful Possession of Firearm by Felon" which is identical to the wording of the verdict form.

It is not error for the trial court to permit the jury to report its verdict in a form which does not use the precise wording of the charge as does the indictment so long as it is clear to the court what the verdict is. Appellant's second ground of error is without merit and is overruled.

Appellant's third ground of error is the same as his second ground only with respect to the charge of the court and verdict during the punishment phase of the trial. The holding with respect to ground of error number two is dispositive of this ground of error. Ground of error number three is overruled.

The fourth ground of error complains of the court's refusal to grant a mistrial on each of two occasions when the arresting officers testified that they were investigating a cutting when their aid was sought by the complaining witness in the case before us. In each instance, it was clear from the testimony given that the cutting had no bearing on the offense with which appellant was charged. Nevertheless, out of an abundance of caution, the trial judge sustained the objection and instructed the jury to disregard in each of the two instances complained of.

The error in the admission of improper testimony is generally cured by a withdrawal of it and an instruction by the trial court to disregard, "except in extreme cases where it appears that the question or evidence is clearly calculated to inflame the minds of the jury and is of such character as to suggest the impossibility of withdrawing the impression produced on their minds." *Allen v. State,* 513 S.W.2d 556, 557 (Tex.Cr.App.1974); *Bolden v. State,* 504 S.W.2d 418, 420 (Tex.Cr.App.1974). No such calculation or suggestion is presented here. Appellant's fourth ground of error is overruled.

Appellant's final ground of error alleges that a motion for instructed verdict should have been granted because the State failed to prove the "away from his premises" portion of the indictment. It is argued that the State offered no evidence of where appellant lived.

---

1. "... possess a firearm, to-wit, a shotgun, away from the premises where he lived, and prior to the possession the defendant had been convicted of a felony involving an act of violence ...."

There is testimony in the record that appellant pointed a shotgun at the prosecuting witness and threatened him, then, still carrying the shotgun, walked across a public street in Houston to the club La Cue, where he was subsequently arrested. One cannot maintain a legal residence upon the surface of a public street in the City of Houston. Appellant's fifth ground of error is overruled.

In addition to the brief filed by appellant's counsel, appellant has filed a pro se brief containing four grounds of error. The second such ground was disposed of already in this opinion. The other three grounds have been carefully examined and, having found them to be wholly without merit, we overrule them.

The judgment of the trial court is affirmed.