**Jimmy David LEE, Appellant,**

v.

**STATE of Texas, Appellee.**

**Nos. B14–84–289–CR, C14–84–290–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

Jan. 10, 1985.

Michael Lamson, Houston, for appellant.

Rory Flynn, Houston, for appellee.

Before PAUL PRESSLER, ROBERTSON and ELLIS, JJ.

OPINION

ELLIS, Justice.

This is a consolidated appeal from the judgments of conviction for the offenses of driving while intoxicated and of unlawfully carrying a weapon. After his motion to

suppress evidence was denied, appellant, Jimmy David Lee, plead nolo contendere. The court, following the recommendation of the State, sentenced appellant to three (3) days in jail and a two hundred dollars fine for the weapon charge and sixty (60) days confinement in the Harris County Jail, probated for two (2) years, and a fine of two hundred dollars for driving while intoxicated. We affirm.

Appellant has two grounds of error on appeal. In his first ground of error he alleges that the initial stop and detention of him was a mere pretext to search for and obtain information, and any evidence seized in the search that followed the stop must be suppressed. In his second ground of error, he asserts that the trial court abused its discretion by overruling appellant's motion to suppress when the State failed to discharge its burden of proving the warrantless search of appellant's car was reasonable.

On December 16, 1983, in the early morning hours, Houston Police Department Officers Tomlinson and Mercer were parked outside a topless club. As they were waiting for a suspect to come out, they saw appellant turn off Richmond Avenue and park in a service station lot. As the car turned off the street, the officers noticed that appellant's car did not have a front license plate. The officers pulled in behind appellant to investigate the lack of the license plate. Officer Tomlinson testified that they walked to appellant's car, and appellant got out of the car, leaving his car door open. As appellant stepped to the rear of the car to show Officer Mercer his driver's license, Officer Tomlinson observed a pistol in plain view beside the front seat of the car. Appellant was arrested for carrying a weapon. Appellant also gave the officers another pistol which was in his pocket. Officer Tomlinson testified that his partner and he asked appellant if he wanted one of his female passengers to drive his car home and appellant declined. The officers inventoried the car's contents, before turning it over to the wrecker driver who towed it to a storage lot. They found a .12 gauge shot gun, a

magazine clip for the pistol, and a Mandrex tablet. (Appellant also was charged with possession of a controlled substance. That charge was later dismissed as part of the plea bargain agreement).

Appellant filed a pre-trial motion to suppress. In that motion he asked the court to suppress any firearms, alleged controlled substances, the results of sobriety tests, and the testimony of the police officers who stopped appellant.

The manager of Sugar's, the topless club across the street from where appellant parked, was called as a defense witness. He testified that the hedges were so high around the service station lot that the officers could not have seen appellant pull in.

Deborah Golding and Melaney Cole, the passengers in appellant's car, also testified. Golding was a topless dancer at a club owned by appellant. She testified that appellant closed his door after he got out and that the officer was inside the car involved in a search when he found the gun. Cole was also a topless dancer at appellant's club. She testified that appellant's door was "brought to" after he got out and that the officer had to pull on the car door to get in the car. She also supported Golding's version of the facts concerning the discovery of the gun, that is that the officer was involved in a search when he found the gun.

Appellant testified on his own behalf. He stated that his request to have the car driven by anybody with a driver's license went ignored. He later spoke to the wrecker driver who agreed to drive the car away. He said it was not possible for the officer to have seen the gun.

We do not agree with appellant's first ground of error which asserts that any evidence must be suppressed since the initial stop and detention of appellant was a mere pretext to obtain information. Appellant argues that since Officer Tomlinson did not notice the alleged traffic violation until the car was on *private property* and the offense requires the lack of a front license plate on *public property*, there was

no traffic offense which would have justified the stop. Appellant cites several facts to support his pretext contention: that no citation was ever issued; that Officer Tomlinson admitted that he was looking for a man driving appellant's type of car; that a passenger in appellant's car testified that the officers discussed where the machine gun was hidden; that a narcotics stake out was interrupted in order to stop appellant. Appellant contends that all of the facts show that appellant's stop and detention was only a mere pretext.

■ We find that the initial stop was not a mere pretext to obtain information. Rather, it was a bona fide stop for a traffic offense. The officer testified that he noticed that appellant lacked a front license plate before appellant left public property. Therefore, there was an actual offense according to Tex.Rev.Civ.Stat.Ann. art. 6675a–3e, Sec. 5 (Vernon 1977).

Once a bona fide stop or arrest has been made for a traffic offense, the police can make an additional arrest for any other offense unexpectedly discovered during the course of the investigation. If, while questioning a motorist regarding the operation of his vehicle, an officer sees evidence of a criminal violation in open view, or in some other manner acquires probable cause on a more serious charge, he may arrest for that offense and incident thereto conduct an additional search for physical evidence. *Taylor v. State,* 421 S.W.2d 403, 407 (Tex. Crim.App.1967), *cert. denied,* 393 U.S. 916, 89 S.Ct. 241, 21 L.Ed.2d 201 (1968). In the instant case the police made an arrest for another offense unexpectedly discovered during the course of their investigation. In a pre-trial motion to suppress evidence the trial court is the exclusive finder of fact and may choose to believe or disbelieve any or all of a witness' testimony. *Taylor v. State,* 604 S.W.2d 175, 177 (Tex.Crim.App. 1980); *Bradley v. State,* 655 S.W.2d 256, 258 (Tex.App.—Corpus Christi 1983, no pet.). The officer testified that appellant's gun was in plain view and apparently the trial court believed him since the motion was overruled. Under *Taylor,* evidence of a criminal violation in open view allows the officer to arrest for that offense. Ground of error one is overruled.

■ In his second ground of error, with which we also disagree, appellant claims that the State failed to discharge its burden of proving the reasonableness of the warrantless search. He argues that the testimony of Officer Tomlinson was the only evidence to support the reasonableness. The officer testified that appellant, as he exited his car, left the door open and the gun's handle was in plain view. Appellant argues that the testimony of appellant and three other witnesses established a different set of facts, that is, that appellant closed his door behind him and that the officer was engaged in a full search of the car's interior when he found the gun. Appellant contends that the record, taken as a whole, clearly demonstrates that the State failed to discharge its burden. However, as already stated, in a pre-trial motion to suppress evidence, the trial court is the exclusive finder of fact and may choose to believe or disbelieve any or all of the witness' testimony. *Taylor,* 604 S.W.2d 175; *Bradley,* 655 S.W.2d 256, 258. Appellant seeks to relitigate the facts of his arrest which is impossible. Since the trial court is the exclusive finder in the pre-trial motion, we find that the trial court did not abuse its discretion by overruling appellant's motion to suppress. Ground of error two is overruled.

Accordingly, the judgment of the trial court is affirmed.