Victor Loyola **REMLINGER,** III, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 13–89–515–CR.

Court of Appeals of Texas, Corpus Christi.

June 29, 1990.

W.A. Ewert, Jr., Kingsville, for appellant.

David Parra Luevano, Kingsville, for appellee.

Before NYE, C.J., and DORSEY and BENAVIDES, JJ.

## OPINION

DORSEY, Justice.

Pursuant to a plea bargain, appellant pleaded guilty to possessing marihuana, and punishment was assessed at 90 days in jail, probated, and a $400 fine. We affirm the trial court's judgment.

■ By his sole point of error, appellant contends that the trial court erred in overruling his pretrial motion to suppress evidence of his marihuana possession because the marihuana was discovered pursuant to a pretext arrest. Appellant contends that he was arrested for various traffic violations merely as a pretext for the police to search for marihuana. Even if a traffic arrest is lawful, the proceeds of an incidental search will be inadmissible if the court finds that the traffic arrest was merely a convenient excuse or pretext for conducting a search. *See Black v. State*, 739 S.W.2d 240, 244 (Tex.Crim.App.1987). The trial court determined that the traffic arrest was not a pretext arrest and overruled the motion to suppress. We therefore review the record to determine whether the trial court's ruling is supported by the evidence.

■ Deputy Patrolman Robert Pickens testified that he went on duty about 3:00 p.m. He was assigned to patrol the general area where appellant was under surveillance by Detective Mata. Pickens was monitoring his radio and believed the detective said that appellant possibly had narcotics on his person or in his vehicle. Pickens testified that he was helping with the surveillance, although he was not directly participating with the detectives. Pickens' job was to "follow the subject and let the detectives know of his whereabouts." Pickens described his role as "assisting" in this investigation.

Pickens first sighted appellant on South 14th Street. He just happened to see the appellant drive by and did not follow him "at that point." However, it appears that after Pickens observed appellant, he drove in appellant's direction. The officer testified that he went in the same direction as appellant because he does his routine patrol in that area. At some point, Pickens lost sight of appellant but then regained sight of him as appellant crossed U.S. Highway 77. Pickens saw appellant weave into the oncoming lane. He testified that appellant was not wearing a safety belt and "tipped a can of beer in my presence." Pickens stopped appellant on Farm Market Road 1717 two miles east of U.S. Highway 77 around 5:30 p.m.

Appellant met Pickens at the rear of his truck. When appellant was asked for his proof of insurance, he said he had to get it from the cab of his truck. The officer walked to the driver's side door with the suspect. When appellant opened the door, Pickens "was hit in the face with a strong odor of [burnt] marihuana." According to Pickens, appellant stated that he had smoked some marihuana the other day. He kept trying to shut the door to keep the officer away from the vehicle.

Pickens denied that he stopped appellant for marihuana possession. He testified that he did not ask any questions about marihuana until after he smelled it and another officer verified the smell. Pickens testified that if he had not smelled marihuana, he would have released appellant. Pickens issued appellant citations for the traffic offenses.

A search of the vehicle uncovered a plastic bag of marihuana weighing 4.6 ounces.

Officer Gilbert San Miguel testified that marihuana was discovered in the center of the front seat under a paper bag. San Miguel did not follow or watch appellant prior to the stop. He was Pickens' supervisor and came to assist Pickens in the traffic stop as a standard procedure.

Officer Juan Mata testified that he had been in the process of investigating appellant about forty-five minutes before his arrest. Mata had no contact with Pickens prior to the stop of appellant. To his knowledge, Pickens was not involved in the surveillance of appellant. Mata testified that he followed appellant from the Walmart parking lot to the Super S store but lost him until Pickens made the traffic stop. Mata knew that Pickens was in the area. Mata did not have probable cause to arrest appellant, but had information that appellant possibly possessed marihuana. Mata's intent was to keep appellant under observation, not to stop him. Mata wanted appellant more for delivery of marihuana than for possession. Mata was keeping appellant under surveillance because he received information that appellant was in possession of marihuana and had followed him before because of suspected drug trafficking.

Appellant contends that these facts establish a pretext arrest. Appellant relies on *Black,* 739 S.W.2d at 244 and *Amador–Gonzalez v. United States,* 391 F.2d 308 (5th Cir.1968). In *Black,* police suspected the defendant of committing murder, but they did not have probable cause to obtain an arrest warrant. Desiring to question the defendant about the murder, the police followed him until he committed several traffic violations. They arrested him and began asking questions about the murder. In *Amador–Gonzalez,* the Fifth Circuit held that the defendant's arrest for traffic violations was a pretext to search for drugs. The Court noted that the arresting officer was a narcotics officer who normally did not make traffic arrests, and the officer admitted that the real reason he wanted to stop the defendant was to search for narcotics.

While it appears settled that evidence discovered pursuant to a pretext arrest is inadmissible, there is some question about what constitutes a pretext arrest. *See* LaFave, *Search and Seizure,* 2nd Ed., § 1.4(e). It appears that the facts of each case must be viewed to determine if the officer's conduct deviated from its usual course or if the officer's motive was to search for evidence of another crime. *Id.*

We find the present case distinguishable from *Black* and *Amador–Gonzalez* on several material grounds. First, nothing in this record shows that Pickens acted at the direction of investigators to make the stop or arrest. In fact, the record indicates that Pickens' duty was to follow appellant and watch where he was going. Pickens apparently made the decision to stop appellant for his traffic violations independent of the on-going surveillance for marihuana delivery. In *Black* and *Amador–Gonzalez,* the evidence showed that the traffic arrests were made by officers investigating the underlying offense and that these investigators did not normally make traffic arrests.

Second, although detective Mata suspected that appellant was involved in marihuana trafficking and was watching appellant, nothing suggests that Pickens made this particular stop to obtain evidence concerning either the delivery or possession of marihuana. Pickens testified that he ticketed appellant for the traffic violations and would have let him leave had it not been for the marihuana odor. In *Amador–Gonzalez,* the officer admitted that his real reason for stopping the defendant was to search for narcotics. In *Black,* the officer admitted that his real reason for stopping the defendant was to question him about the murder.

■ At a pretrial hearing on a motion to suppress, the trial court is the exclusive finder of fact and may choose to believe or disbelieve any or all of a witness' testimony. *Bradley v. State,* 655 S.W.2d 256, 258 (Tex.App.—Corpus Christi 1983, no pet.). The evidence introduced at the hearing was sufficient for the trial court to have found that Pickens stopped appellant merely to

cite him for his traffic violations and that the strong odor of burnt marihuana, not a preconceived determination to search the car, led to the discovery of the marihuana. Appellant's sole point of error is overruled.

The judgment of the trial court is AFFIRMED.