Sanches-BE v. State 






AFFIRMED 1 NOVEMBER 1990
NO. 10-90-078-CR
Trial Court
# 33720
IN THE
COURT OF APPEALS
FOR THE
TENTH DISTRICT OF TEXAS
AT WACO

* * * * * * * * * * * * *

          BENNY EARL SANCHES,
                                                                                            Appellant
          v.

          THE STATE OF TEXAS,
                                                                                            Appellee

* * * * * * * * * * * * *

 From County Court
Navarro County, Texas

* * * * * * * * * * * * *

O P I N I O N

* * * * * * *
          This is an appeal by defendant Sanches from his conviction for driving while intoxicated
for which he was assessed 30 days in the county jail and a fine of $400, probated for 2 years.
          On August 20, 1989, defendant drove a bobtail truck (a truck tractor without a trailer) at
2:15 a.m. down North Street Corsicana with an illegal light shining from the back of the truck's
cab. Defendant was stopped by Officer Derrick for this traffic violation. When Officer Derrick
approached defendant's truck he determined that defendant was intoxicated based on a strong odor
of alcoholic beverages, the swaying of defendant's body, and defendant's failure to perform the
field sobriety test. Defendant was arrested for DWI and taken to the Navarro County Jail.
          Defendant filed a motion to suppress the evidence secured after the stop of defendant's
vehicle by Officer Derrick, asserting the stop was without probable cause and any evidence of
DWI obtained after the stop should be excluded and suppressed. The trial court found that there
was probable cause for the stop and denied the motion to suppress.
          Defendant then changed his plea from "not guilty" to "no contest". The trial judge then
found defendant guilty of driving while intoxicated and assessed punishment at a fine of $400 and
30 days in jail, probated for 2 years.
          Defendant appeals on 1 point asserting "the [trial] court erred in denying the defendant's
motion to suppress evidence".
          Defendant contends the trial court erroneously denied his motion to suppress because there
was no probable cause for the initial stop of defendant. He further asserts the evidence of
intoxication obtained after the stop was inadmissible under the "fruit of the poisonous tree
doctrine".
          Defendant was driving a truck with no trailer attached in downtown Corsicana at 2:15
a.m., a bright spotlight was shining from the rear of the truck into the windshields of traffic
behind him. This is a violation of Section 123, Article 6701-D of the Texas Traffic Laws. 
Officers Derrick and Allen stopped defendant for the foregoing violation and, after stopping him,
determined that he was intoxicated.
          Once a bona fide stop or arrest has been made for a traffic offense, the police can make an
additional arrest for any other offense unexpectedly discovered during the course of investigation. 
Thus where a bona fide stop for a traffic offense gives rise to an arrest for DWI, the arrest is
lawful and not a pretext arrest. Lee v. State, CA (Houston 14), 686 S.W.2d 255, pet. ref'd;
Taylor v. State, Ct.Crim.Appls, 421 S.W.2d 403, cert. denied, 393 U.S. 916. Officer Allen
testified that based on defendant's failure to pass the sobriety test, his swaying and his speech, he
formed the opinion that defendant was intoxicated.
          We hold that the stop of defendant was with probable cause, that the trial court did not err
in overruling defendant's motion to suppress, and we overrule defendant's point.
                                                                                 AFFIRMED
                                                                                                                                                                                                                 FRANK G. McDONALD
DO NOT PUBLISH                                                     Chief Justice (Retired)

[Participating: Chief Justice Thomas, Justices Hall and Means and Chief Justice McDonald
(Retired)]