William Coy GATHRIGHT

v.

The STATE of Texas.

No. 2–85–062–CR.

Court of Appeals of Texas, Fort Worth.

Oct. 17, 1985.

Melvyn Carson Bruder, Dallas, for appellant.

H. Ownby, Crim. Dist. Atty., and Roger V. Dickey, Asst., McKinney, for appellee.

Before ASHWORTH, JOE SPURLOCK, II and HILL, JJ.

## OPINION

HILL, Justice.

Gathright appeals his conviction by a jury for the offense of driving while intoxicated, TEX.REV.CIV.STAT.ANN. art. 6701 *l* –1(b) (Vernon Supp.1985). The court assessed his punishment at 60 days in the Collin County Jail, probated for two years, and a fine of $1,000. He presents five grounds of error. He does not challenge the sufficiency of the evidence.

We reverse and remand, because we find that the trial court erred in permitting the State to show the jury a videotape in which Gathright exercises his right to remain silent.

■ In ground of error number one, Gathright argues that the trial court erred by admitting evidence of his refusal to take a breath test because the trial court's decision violated his right to counsel. He relies on this Court's opinion in *Forte v. State*, 686 S.W.2d 744 (Tex.App.—Fort Worth 1985, pet. pending). In *Forte*, this Court held that a person has a reasonable time to contact and consult with counsel before deciding whether or not to submit to a chemical test of the alcohol content of his blood, breath, or urine. However, this case is distinguishable from *Forte*. In that case the accused requested but was denied the presence of counsel prior to deciding whether or not to submit to a test. In this case, although Gathright said he had a lawyer, he never gave any indication that he wished to talk to him before deciding whether to take the test. Gathright complains that the warning was not sufficiently specific as to his right to consult a lawyer prior to his decision as to whether to submit to the test. However, Gathright was advised of his right to counsel, and he indicated that he had a lawyer whom he did not attempt to contact before making his decision. We find that the Miranda warning, which he received, was adequate to advise him of his right to counsel. This Court did not require a more specific warning in *Forte*. We overrule ground of error number one.

Gathright contends in ground of error number two that the trial court erred by admitting into evidence before the jury a videotape of the police questioning him, following his arrest, including his assertion of his right to remain silent.

■ It is impermissible to penalize an individual for exercising his Fifth Amendment privilege when he is under police custodial interrogation. *Miranda v. Arizona*, 384 U.S. 436, 468, n. 37, 86 S.Ct. 1602, 1625, 16 L.Ed.2d 694 (1966). The prosecution may not use at trial the fact that he stood mute or claimed his privilege in the face of an accusation. *Id.* To permit the use of such evidence for purposes of incrimination would erode the protection guaranteed by both state and federal constitutions. *Powell v. State*, 660 S.W.2d 842, 845 (Tex.App. —El Paso 1983, no pet.).

■ The videotape which was admitted into evidence included Gathright's indicating his refusal to answer any questions and his silence in response to questions asked.

■ The State contends that error, if any, was harmless. The test for harmless error, even where the error is constitutional, is whether there is a reasonable possibility that the evidence complained of might have contributed to the conviction or affected the punishment assessed. *Johnson v. State*, 660 S.W.2d 536, 537 (Tex.Crim. App.1983). The State relies on *Johnson*.

In that case the evidence as to the defendant's guilt was undisputed, whereas in the case at bar the issue of Gathright's intoxication was contested, with conflicting evidence presented to the jury. We are unable to say that the error was harmless. We sustain ground of error number two.

In view of our holding with respect to ground of error number two, it is unnecessary for us to consider grounds of error numbers three, four and five.

The judgment of conviction is reversed and remanded for trial.