**John Dennis LITTLE, Jr., Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 13–92–333–CR.**

Court of Appeals of Texas,
Corpus Christi.

April 22, 1993.

Rehearing Overruled May 20, 1993.

Warren Abrams, Dallas, for appellant.

Doris Berry, Dist. Attorney's Office, Tom O'Connell, Crim. Dist. Atty., McKinney, for appellee.

Before NYE, C.J., and GILBERTO HINOJOSA and SEERDEN, JJ.

## OPINION

GILBERTO HINOJOSA, Justice.

Appellant, John Dennis Little, Jr., was convicted of the misdemeanor offense of driving while intoxicated (DWI). The County Court at Law judge assessed punishment at one hundred eighty days confinement in the Collin County jail and a $1,200 fine. Only the fine was probated for two years. Appellant challenges the trial court's rulings by four points of error. We affirm.

On February 14, 1991, at 6:30 p.m., the Plano Police Department dispatcher received a call from an unidentified concerned citizen that appellant's vehicle was weaving across traffic lanes. The unidentified citizen gave a description of appellant's truck, including the license plate number. The dispatcher called Officer Aubrey Paul to the scene. Officer Randy Andrews heard the description of appellant's vehicle on the police radio. In the meantime, presumably the same concerned citizen alerted Officer Andrews to appellant's vehicle by honking her horn. Officer Andrews observed appellant driving without headlights, but did not observe appellant weaving across traffic lanes. Officer Andrews stopped appellant for failure to illuminate his headlights. *See* TEX.REV.CIV. STAT.ANN. art. 6701d, § 109 (Vernon 1977).

Officer Andrews asked appellant for his driver's license. He noticed the odor of an alcoholic beverage emanating from appellant's vehicle and that appellant's speech was slurred. While Officer Andrews was in his patrol car running a license check, Officer Paul arrived and took over as the investigating officer. Officer Paul also noticed the odor of an alcoholic beverage and appellant's slurred speech. Officer Paul testified that when he asked appellant to get out of his truck he observed that appellant's gait was unsteady. Officer Paul testified that appellant was unable to stand still or stay in one position, and that he was unable to follow his instructions regarding the field-sobriety tests. He also testified that appellant's eyes were red and that he appeared to be in a stupor. At that point, Officer Paul arrested appellant for DWI.

Officer Paul testified that when he asked appellant to perform the field-sobriety tests, appellant spontaneously stated that he had consumed five beers. Officer Paul further testified that appellant's statement was not in response to a question. Appellant testified, for the limited purpose of a motion to suppress hearing, that Officer Paul asked him while he was still in his vehicle if he had been drinking and how much he had been drinking. The trial court overruled appellant's pretrial motion to suppress appellant's statement that he had consumed five beers, and appellant was convicted of DWI.

By his first point of error, appellant argues that the trial court erred in denying his motion for mistrial on the grounds that the prosecutor allegedly commented on appellant's right to remain silent. Appellant's argument is based on the following discussion between the prosecutor, Officer Christopher Pyryt and appellant's counsel, Warren Abrams:

Q. Now, you see the defendant in the courtroom today. Would you consider his mannerisms and the way that he's acting today differently than what he was acting in the book-in and the videotape room the night of February the 14th of '91?

A. Yes.

Q. And what differences can you see today that you didn't see on February the 14th of '91?

A. Acting like a good gentleman, he looks sharp in his suit, not saying anything—

MR. ABRAMS: Judge, I object to commenting on my client's right to remain silent.

THE COURT: Sustained.

MR. ABRAMS: Ask the court to instruct the jury to disregard that answer.

THE COURT: Jury is instructed to disregard the last thing that the witness said.

MR. ABRAMS: I respectfully move for a mistrial.

THE COURT: Denied.

Appellant argues that the prosecution's comment on his right to remain silent was improper and that the instruction to disregard was insufficient to cure any error.

 The prosecution may not use at trial the fact that an accused claimed his Fifth Amendment privilege not to testify at trial. *Miranda v. Arizona*, 384 U.S. 436; 468 n. 37, 86 S.Ct. 1602, 1624 n. 37, 16 L.Ed.2d 694 (1966); *Gathright v. State*, 698 S.W.2d 260, 261 (Tex.App.—Fort Worth 1985, no pet.). To permit the use of such evidence for purposes of incrimination would erode the protection guaranteed by state and federal constitutions. *Gathright*, 698 S.W.2d at 261; *Powell v. State*, 660 S.W.2d 842, 845 (Tex.App.—El Paso 1983, no pet.). However, harm caused by a prosecutor's comment on a defendant's failure to testify may be cured by a trial judge's instruction to the jury. *Long v. State*, 823 S.W.2d 259, 269–70 (Tex.Crim.App.1991), *cert. denied*, —— U.S. ——, 112 S.Ct. 3042, 120 L.Ed.2d 910 (1992).

 Furthermore, even if error is not cured, it must be harmful to be reversible error. *See* Tex.R.App.P. 81(b). When the record reveals error, an appellate court must reverse a judgment unless it determines beyond a reasonable doubt that the error made no contribution to the conviction or to the punishment. Tex.R.App.P. 81(b)(2). The test for harmless error, even when the error is constitutional, is whether there is a reasonable possibility that the evidence complained of might have contributed to the conviction or affected the punishment assessed. *Johnson v. State*, 660 S.W.2d 536, 537 (Tex.Crim.App.1983); *Clemons v. State*, 605 S.W.2d 567, 571 (Tex.Crim.App.1980). In *Gathright*, cited by appellant, the court applied a harmless error analysis to a videotape of a defendant asserting his right to remain silent, and concluded that, because the defendant's intoxication was contested, and conflicting evidence had been presented to the jury, the error was not harmless. *Gathright*, 698 S.W.2d at 262. The opposite conclusion was reached in *Johnson*, 660 S.W.2d at 538, where the Court of Criminal Appeals held that a nonresponsive answer referring to extraneous offenses was harmless error. The *Johnson* court determined that the evidence of defendant's guilt was overwhelming and, therefore, the nonresponsive answer could not have reasonably contributed to the jury's punishment assessment.

 We do not believe, however, that Officer Pyryt's nonresponsive answer was a comment on appellant's exercise of the right not to testify. Rather, it was an observation of appellant's court room demeanor, compared to his demeanor at the arrest scene, offered as evidence of appellant's intoxication. Thus, appellant's Fifth Amendment privilege not to testify was not violated. Moreover, any error would have been harmless error. The evidence of appellant's guilt was overwhelming, and so the error complained of could not reasonably have contributed to appellant's conviction or affected the punishment assessed. *Johnson*, 660 S.W.2d at 537; *Clemons*, 605 S.W.2d at 571. Appellant's first point of error is overruled.

Appellant's second point of error is that the trial court erred in denying his motion for instructed verdict. He argues that no evidence links his intoxication to the driving of his automobile. Appellant asserts that Officer Paul's testimony that appellant was intoxicated when he arrived at the scene of the investigation does not by itself prove that appellant was intoxicated while he was driving.

When reviewing the legal sufficiency of the evidence, the critical inquiry remains whether, viewing the evidence in the light most favorable to the verdict, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Marroquin v. State,* 746 S.W.2d 747, 750 (Tex.Crim.App.1988); *Garrett v. State,* 682 S.W.2d 301, 304 (Tex. Crim.App.1984), *cert. denied,* 471 U.S. 1009, 105 S.Ct. 1876, 85 L.Ed.2d 168 (1985). The jury, as the trier of fact, remains the exclusive judge of the credibility of the witnesses and the weight to be given their testimony. *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979). The jury may accept or reject any or all of the evidence for either side. *Bowden v. State,* 628 S.W.2d 782, 784 (Tex. Crim.App.1982); *see* TEX.CODE CRIM.PROC. ANN. arts. 36.13 & 38.04 (Vernon 1979).

To support a DWI conviction, the evidence must show that the defendant drove a motor vehicle while intoxicated on a public road, street, highway, or alley. *Ford v. State,* 571 S.W.2d 924, 925 (Tex. Crim.App.1978); *Dumas v. State,* 812 S.W.2d 611, 615 (Tex.App.—Dallas 1991, pet. ref'd). The uncorroborated testimony of an arresting officer is sufficient to prove the element of intoxication. *Annis v. State,* 578 S.W.2d 406, 407 (Tex.Crim.App. 1979); *Dumas,* 812 S.W.2d at 615.

The evidence shows that Officer Paul observed appellant driving his vehicle. Officers Paul and Andrews testified that they believed appellant was intoxicated when he was stopped for driving without his headlights illuminated. They reached this conclusion upon observation of appellant's slurred speech, the odor of alcohol and appellant's loss of motor coordination. Officer Paul testified that appellant was unable to follow instructions and that appellant's eyes were red. From this evidence the jury could have inferred that appellant was intoxicated at the time he was stopped for failure to illuminate his headlights. Viewing the evidence in the light most favorable to the verdict, any rational trier of fact could have found the essential elements of the offense of DWI beyond a reasonable doubt. *Marroquin,* 746 S.W.2d at 750; *Garrett,* 682 S.W.2d at 304; *Ford,* 571 S.W.2d at 925; *Dumas,* 812 S.W.2d at 615. Appellant's second point of error is overruled.

In his third point of error, appellant argues that the trial court erred in overruling his motion to suppress his statement that he had consumed five beers because it was the product of a "custodial interrogation," and he had not yet been informed of his *Miranda* rights. *See Miranda v. Arizona, supra.* Appellant cites three cases, *Newberry v. State,* 552 S.W.2d 457 (Tex.Crim.App.1977), *Gonzales v. State,* 581 S.W.2d 690 (Tex.Crim.App.1979), and *Ragan v. State,* 642 S.W.2d 489 (Tex. Crim.App.1982), for the proposition that a suspect at the scene of an investigation for D.W.I. is "in custody." For *Miranda* safeguards to attach, two threshold issues must be met: 1) the suspect must have been "in custody," and 2) the police must have "interrogated" the suspect. The issue presented in this case is whether appellant's statement was made in response to custodial interrogation.

An appellate court will not disturb a finding on a motion to suppress which is supported by the record. *Green v. State,* 615 S.W.2d 700, 707 (Tex.Crim.App. 1980); *Gruber v. State,* 812 S.W.2d 368, 370–71 (Tex.App.—Corpus Christi 1991, pet. ref'd). In a pretrial motion to suppress evidence, the trial court is the exclusive finder of fact and may choose to believe or disbelieve any or all of a witness' testimony. *Taylor v. State,* 421 S.W.2d 403, 407 (Tex.Crim.App.1967) (opinion on motion for reh'g), *cert. denied,* 393 U.S. 916, 89 S.Ct. 241, 21 L.Ed.2d 201 (1968); *Lee v. State,* 686 S.W.2d 255, 257 (Tex. App.—Houston [14th Dist.] 1985, pet. ref'd); *Bradley v. State,* 655 S.W.2d 256, 258 (Tex.App.—Corpus Christi 1983, no pet.).

There is no black-letter definition of "custodial interrogation." Justice Warren defined "custodial interrogation" as questioning initiated by the police after a person has been "taken into custody or

otherwise deprived of his freedom of action in any significant way." *Miranda,* 384 U.S. at 444, 86 S.Ct. at 1612; *Galloway v. State,* 778 S.W.2d 110, 112 (Tex.App.—Houston [14th Dist.] 1989). "Interrogation" includes speech or conduct by the police which "the police should know [is] reasonably likely to elicit an incriminating response from the suspect." *Rhode Island v. Innis,* 446 U.S. 291, 301, 100 S.Ct. 1682, 1689–90, 64 L.Ed.2d 297 (1980). Thus, not all police questioning is classified as "custodial interrogation." *Jones v. State,* 795 S.W.2d 171, 174 n. 3 (Tex.Crim.App.1990).

 We hold that appellant's *Miranda* rights were not violated because his statement was not in response to interrogation by Officer Paul. The trial judge's determination that appellant spontaneously stated that he had consumed five beers is supported by the record. *Taylor,* 421 S.W.2d at 407. Since appellant's statement was not a product of a "custodial interrogation," the admission of the statement into evidence was not a violation of *Miranda. Loar v. State,* 627 S.W.2d 399, 400 (Tex. Crim.App.1981). Appellant's third point of error is overruled.

In his fourth point of error, appellant argues that the trial court erred in overruling his motion to suppress his statement that he had consumed five beers because Officer Paul did not have probable cause to arrest. Appellant asserts that, because elements of his alleged traffic violations were missing, all evidence obtained as a result of any traffic violations is suppressible.

 "Once a bona fide stop or arrest has been made for a traffic offense, the police can make an additional arrest for any other offense unexpectedly discovered during the course of the investigation." *Taylor,* 421 S.W.2d at 407. While questioning a motorist regarding the operation of his vehicle, an officer who in some manner acquires probable cause on a more serious charge may arrest for that offense. *Id.*

 Tex.Rev.Civ.Stat.Ann. art. 6701d, § 109, provides that vehicles shall "display lighted lamps" from a "half hour after sunset." The record does not reflect at what time the sun set on the day of appellant's arrest. However, Officer Andrews testified that he observed appellant driving without his headlights illuminated at or around dusk. On cross-examination, Officer Andrews admitted that it was "possible" that other cars did not have on their headlights. However, in a pretrial motion to suppress evidence, the trial court may choose to disbelieve any part of a witness' testimony. *Taylor,* 421 S.W.2d at 407. Furthermore, whether the time was, in fact, a half hour after sunset is irrelevant since appellant was not arrested for failure to illuminate his headlights, but for DWI, an offense observed by Officer Paul after appellant was legally stopped. Officer Andrews stopped appellant for a "bona fide" traffic offense, and, therefore, Officer Paul was authorized to make the additional DWI arrest once appellant's intoxication was discovered. *Taylor,* 421 S.W.2d at 407. Enough evidence was offered in the hearing for the trial court to conclude that the traffic stop was not a mere pretext to obtain information. *Lee,* 686 S.W.2d at 257. "The arrest for the traffic offenses was valid, and was merely the beginning of the unraveling of the legal ball of twine." *Taylor,* 421 S.W.2d at 407. Appellant's fourth point of error is overruled.

The judgment of the trial court is AFFIRMED.