NUMBER 13-00-311-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI

_______________________________________________________________

TOMAS ORTIZ , Appellant,


v.


THE STATE OF TEXAS , Appellee.

______________________________________________________________
On appeal from the 148th District Court

of Nueces County, Texas.

_______________________________________________________________


O P I N I O N

Before Justices Dorsey, Hinojosa, and Kennedy (1)

Opinion by Justice Kennedy


Appellant was found guilty by a jury of driving while intoxicated (DWI), third degree. Following a punishment hearing,
the jury assessed appellant's punishment at confinement for ten years. Appellant's one point of error alleges factual
insufficiency of the evidence, i.e., lack of proof that appellant did not have the normal use of his mental or physical
faculties. In reviewing the evidence based upon a factual insufficiency claim, we view all of the evidence without the prism
of "in the light most favorable to the prosecution" and set aside the verdict only if it is so contrary to the overwhelming
weight of the evidence as to be manifestly unjust and clearly wrong. Clewis v. State, 922 S.W.2d 126, 133-34 (Tex. Crim.
App. 1996).

Briefly, the evidence heard by the jury surrounding the detention and arrest of appellant is as follows: Two police officers,
one with the City of Corpus Christi and one a reserve officer riding with the police, testified that they were investigating a
hit- and-run accident wherein a car parked on the street was struck by a pickup truck. The owner of the car told the officers
she had seen the truck approaching the car and observed that it appeared that "somebody was drunk." The officers, together
with the owner of the car and another person, were at the scene talking when a blue pickup truck driven by appellant passed
and the owner of the car that had been struck identified it as the truck that had struck her car. The officers stopped the
truck and detained appellant who was the driver thereof. While at the scene, the officers administered three field sobriety
tests to appellant. (2)

 Based upon their observations of appellant and his inability to perform the tests properly, both officers testified that
appellant was intoxicated at the time of his arrest.

Appellant did not testify, however, he presented two witnesses, both of whom had seen appellant during the evening prior
to the arrest. Both witnesses testified that appellant was not intoxicated when they saw him.

In reviewing a factual sufficiency challenge, we are required to give deference to the jury verdict. Cain v. State, 958
S.W.2d 404, 410 (Tex. Crim. App. 1997). The uncorroborated testimony of an arresting officer is alone sufficient to prove
the element of intoxication. Little v. State, 853 S.W.2d 179, 183 (Tex. App. - Corpus Christi 1991, no pet.). Testimony by
the arresting officers that appellant displayed visible signs of intoxication and failed field sobriety tests provides factually
sufficient evidence to support his conviction for DWI.

We overrule appellant's one point of error and AFFIRM the judgment of the trial court.



NOAH KENNEDY

Retired Justice



Do not publish .

Tex. R. App. P. 47.3(b).



Opinion delivered and filed

this 5th day of July, 2001.

1. Retired Justice Noah Kennedy assigned to this Court by the Chief Justice of the Supreme Court of Texas pursuant to
Tex. Gov't Code Ann. § 74.003 (Vernon 1998).

2. Horizontal Gaze Nystagmus, heel to toe, and one leg stand tests.