COURT OF APPEALS









COURT
OF APPEALS

EIGHTH
DISTRICT OF TEXAS

EL
PASO, TEXAS

 

MICHELLE BAILEY,                                           )

                                                                              )              
No.  08-02-00345-CR

Appellant,                          )

                                                                              )                    Appeal from the

v.                                                                           )

                                                                              )               
120th District Court

THE STATE OF TEXAS,                                     )

                                                                              )           
of El Paso County, Texas

Appellee.                           )

                                                                              )              
(TC# 20020D00869)

                                                                              )

 

 

O
P I N I O N

 

This is an appeal
from a conviction for the offense of possession of less than one gram of
cocaine.  Pursuant to a plea agreement
with the State, Appellant pled guilty to the offense.  The trial court sentenced the Appellant to 2
years=
community supervision and assessed a $200 fine, probated.  In a single issue on appeal, Appellant
challenges the trial court=s
decision overruling her motion to suppress evidence.  We affirm.








In a single issue,
Appellant contends that the trial court erroneously denied her motion to
suppress the evidence of an illegal search and seizure of her hotel room in
violation of her rights under the Tex.Const.
art. I, ' 9 and U.S. Const. amends. IV and XIV.  The subject of the motion to suppress was the
cocaine and crack pipes found in Appellant=s
hotel room and the statement regarding her cocaine addiction she made to the
police officers[1].  Appellant complains that the State failed to
prove that she gave consent for the police officers to search her room and
therefore such search was impermissible. 
As such, the evidence collected and the statements she made while in
custody should have been suppressed.

Standard
of Review








A trial court=s ruling on a motion to suppress is
generally reviewed for an abuse of discretion standard.  Villareal v. State, 935 S.W.2d 134,
138 (Tex.Crim.App. 1996); Gordon v. State, 4 S.W.3d 32, 35 (Tex.App.--El
Paso 1999, no pet.).  Under this
standard, the reviewing court must give almost total deference to the trial
court=s
determination of historical facts, especially when the court=s findings are based on an evaluation
of credibility and demeanor.  Guzman
v. State, 955 S.W.2d 85, 89 (Tex.Crim.App. 1997).  On a motion to suppress evidence, the trial
judge is the sole trier of fact and judge of the credibility of the witness,
including what weight, if any, is to be given to their testimony.  See State v. Ballard, 987 S.W.2d 889,
891 (Tex.Crim.App. 1999); Bradley v. State, 960 S.W.2d 791, 800
(Tex.App.--El Paso 1997, pet. ref=d).  Consequently, the trial court may choose to
believe or disbelieve any or all of a witness=s
testimony.  See Villareal, 935
S.W.2d at 138.  We review the record and
all reasonable inferences therein in the light most favorable to the trial
court=s
ruling.  Romero v. State, 800
S.W.2d 539, 543 (Tex.Crim.App. 1990); Bradley, 960 S.W.2d at 801.  We do not engage in our own factual review
but rather, we are charged with determining whether or not the trial judge=s findings of fact are supported by the
record.  State v. Consaul, 960
S.W.2d 680, 686 (Tex.App.--El Paso 1997), pet. dism=d, improvidently granted, 982
S.W.2d 899 (Tex.Crim.App. 1998).  If the
findings are supported by the record, we will not disturb them.  Id. 
Our only consideration is whether the trial court improperly supplied
the law to the facts.  Romero, 800
S.W.2d at 534.  We review de novo the
trial court=s
conclusions of law and the application of those principles to the facts which
do not turn on an evaluation of credibility and demeanor.  State v. Ross, 32 S.W.3d 853, 856
(Tex.Crim.App. 2000); Guzman, 955 S.W.2d at 89. 

The
voluntariness-of-consent issue is a mixed question of law and fact.  See Vargas v. State, 18 S.W.3d 247,
253 (Tex.App.--Waco 2000, pet. ref=d);
State v. Hunter, 102 S.W.3d 306, 309 (Tex.App.--Fort Worth 2003, no
pet.).  Because voluntariness is
dependent on whether any duress or coercion was placed on the person giving the
consent, we must conduct a de novo review--after giving deference to historical
facts--of whether the State proved by clear and convincing evidence that the
consent to search was voluntary.  Vargas,
18 S.W.3d at 253.  Moreover, if the trial
judge=s
decision to correct on any theory of law applicable to the case, we will
sustain the trial judge=s
decision.  Ross, 32 S.W.3d at
855-56; Hunter, 102 S.W.3d at 309.

Warrantless
Search

The Fourth
Amendment guarantees people the right to be Asecure
in their persons, houses, papers, and effects, against unreasonable searches
and seizures.@  U.S.
Const. amend. IV.  As a result,
searches made without warrant are generally per se unreasonable.  See Katz v. U.S., 389 U.S. 347, 357,
88 S.Ct. 507, 514, 19 L.Ed.2d 576 (1967). 
When a search without a warrant is made, the State bears the burden to
show that the search falls withing one of the narrow exceptions to the warrant
requirement in order for the search to be constitutionally permissible.  See Moreno v. State, 821 S.W.2d 344,
349-50 (Tex.App.--Waco 1991, pet. ref=d).








An exception to
the warrant requirement is a search conducted by consent.  See Meeks v. State, 692 S.W.2d
504, 509 (Tex.Crim.App. 1985).  To show
that the search was made with the property owner=s
consent, the state must prove by clear and convincing evidence, based on the
totality of the circumstances, that the defendant gave consent freely and
voluntarily.  See id. at
509-10.  Consent that is obtained through
duress or coercion, whether actual or implied, is not voluntary.  Schneckloth v. Bustamonte, 412 U.S.
218, 248-49, 93 S.Ct. 2041, 2058-59, 36 L.Ed.2d 854 (1973); Hunter, 102
S.W.3d at 310.  A search is valid if, in
light of all the circumstances, the officers=
belief that they had consent to search was objectively reasonable.  See Illinois v. Rodriguez, 497 U.S.
177, 188, 110 S.Ct. 2793, 2801, 111 L.Ed.2d 148 (1990).  

Some relevant
factors in determining the voluntariness-of-consent issue are the youth of the
accused, the education of the accused, the intelligence of the accused, and the
constitutional advice given to the accused. 
Reasor v. State, 12 S.W.3d 813, 818 (Tex.Crim.App. 2000); Hunter,
102 S.W.3d at 311.  Additionally,
testimony by law enforcement officers that no coercion was involved in
obtaining the consent is evidence of the consent=s
voluntary nature.  Martinez v. State,
17 S.W.3d 677, 683 (Tex.Crim.App. 2000); Hunter, 102 S.W.3d at 311.








At the beginning
of the suppression hearing, the parties stipulated to the following:  (1) Appellant rented the hotel room where the
incident happened; and (2) the officers had no warrant  when they entered the hotel room.  The State=s
first witness at the suppression hearing was Officer Medina.  On direct examination, Officer Medina
testified that after he knocked on the door of Appellant=s
motel room, Appellant opened the door and motioned for him and two other
officers to enter the room.  According to
his testimony, Appellant did not object when he stepped inside the room.  On cross-examination, Officer Medina
testified that a key was not used to enter the hotel room.  Officer Medina testified that he did not ask
for permission to enter the room, but that Appellant motioned him to enter the
room.  Appellant provided no indication
that she did not want him or the other officers to enter the room.

The trial court
also heard the testimony of defense witness Ms. Berry, who was in the motel
room with Appellant.  Ms. Berry testified
that the person who had knocked on the door, opened the door with a key while
at the same time she was opening the top lock. 
Once the door was slightly ajar, the officers rushed into the room that
neither she nor the Appellant had time to say anything.  She stated that the officers never asked for
permission to enter nor did they announce themselves.

Based on the
totality of the circumstances, we believe that Appellant was not coerced nor
under duress when she consented to the search. 
Giving deference to the trial court=s
credibility determinations and to the historical facts explicitly found by the
trial court when it denied Appellant=s
motion to suppress, we cannot hold that the trial court abused its discretions
by concluding that Appellant=s
consent was voluntary or that the State failed to meet its burden of
establishing the voluntariness of Appellant=s
consent by clear and convincing evidence.

Voluntary
Statements








Under Miranda
v. Arizona[2],
the prosecution may not use statements, whether exculpatory or inculpatory,
stemming from custodial interrogation of the defendant unless it demonstrates
the use of procedural safeguards effective to secure the privilege against self‑incrimination.  Miranda, 384 U.S. at 444, 86 S.Ct. at
1612; Alvarado v. State, 853 S.W.2d 17, 20 (Tex.Crim.App. 1993); Morris
v. State, 897 S.W.2d 528, 531 (Tex.App.‑‑El Paso 1995, no
pet.).  In order for Miranda=s safeguards to apply, there must
be two showings:  (1) the suspect must
have been Ain
custody;@ and (2)
the police must have Ainterrogated@ the suspect either by express
questioning or its functional equivalent. 
Little v. State, 853 S.W.2d 179, 183 (Tex.App.‑‑Corpus
Christi 1993, no pet.); Morris, 897 S.W.2d at 531; see Rhode Island
v. Innis, 446 U.S. 291, 300‑02, 100 S.Ct. 1682, 1689‑90, 64
L.Ed.2d 297 (1980); Jones v. State, 795 S.W.2d 171, 174 (Tex.Crim.App.
1990).

AInterrogation@
under Miranda refers not only to express questioning, but also to any
words or actions on the part of the police that the police should know are
reasonably likely to elicit an incriminating response from the suspect.  Innis, 446 U.S. at 300‑02, 100 S.Ct.
at 1689‑90; Jones, 795 S.W.2d at 174; Morris, 897 S.W.2d at
531.  The latter portion of this
definition focuses primarily upon the perceptions of the suspect, rather than
the intent of the police.  Morris,
897 S.W.2d at 531; see Innis, 446 U.S. at 300‑02, 100 S.Ct. at
1689‑90; Jones, 795 S.W.2d at 174. 
Not all post‑arrest police questioning can be classified as Ainterrogation.@
Jones, 795 S.W.2d at 174; Morris, 897 S.W.2d at 531.  Questioning normally attendant to arrest and
custody is not interrogation.  Innis,
446 U.S. at 300‑02, 100 S.Ct. at 1689‑90; McCambridge v. State,
712 S.W.2d 499, 505 (Tex.Crim.App. 1986); Morris, 897 S.W.2d at 531.

Officer Medina=s testimony indicated that he heard
Appellant make a statement regarding her drug addiction to one of the other
officers, but that this statement was not in response to any questioning.  Officer Amato also testified that the
Appellant volunteered this statement.  He
testified that he never asked her any questions.  The Appellant did not testify nor did she
offer any testimony contrary to that of the officers.








After close
examination of the record, we find that while Appellant was in custody at the
time she made the statement, her statement was given freely and
voluntarily.  We find no indication that
the officers said or did anything that they should have known would be
reasonably likely to elicit an incriminating response from the Appellant.  Appellant=s
statement regarding her drug addiction was unsolicited by any of the
officers.  Since Appellant=s statement was not a product of a
custodial interrogation, the admission of the volunteered statement was not a
violation of Miranda.

As such, we find
that the trial court did not abuse its discretion in denying Appellant=s motion to suppress.  We overrule Issue One.

For the reasons
stated above, the trial court=s
judgment is affirmed.

 

 

July
15, 2004

DAVID WELLINGTON
CHEW, Justice

 

Before Panel No. 2

Barajas, C.J., McClure, and Chew, JJ.

 

(Do Not Publish)











[1]
Appellant contends that the voluntariness of her statements made to the police
officers are questionable, because she was in custody at the time and not free
to leave at the time she made the statements.





[2]
384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).