NUMBERS 13-05-169-CR & 13-05-170-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 


MARIA VERA, Appellant,


v.



THE STATE OF TEXAS, Appellee.

 


On appeal from the County Court at Law of Kleberg County, Texas.


 


MEMORANDUM OPINION



Before Chief Justice Valdez and Justices Yañez and Benavides


Memorandum Opinion by Justice Yañez


 

 Appellant, Maria Vela, was convicted of driving while intoxicated (DWI) (1) in trial cause
number 35878-1 (appellate cause number 13-05-00169). Appellant was also convicted
of possessing less than two ounces of marihuana (2) in trial cause number 35878-2
(appellate cause number 13-05-00170-CR). The trial court assessed punishment for the
DWI conviction, which was enhanced, (3) at 365 days' imprisonment. The term of
imprisonment was suspended for one year, during which time appellant was placed on
community supervision. The trial court also imposed a $350.00 fine and $328.50 in court
costs. The trial court assessed punishment for the possession-of-marihuana conviction
at 180 days' imprisonment. The term of imprisonment was suspended for two years,
during which time appellant was placed on community supervision. The trial court also
imposed a $250.00 fine. In two issues, appellant argues that (1) her convictions are
supported by legally and factually insufficient evidence, and (2) her punishment is
disproportionate to the seriousness of her crimes, in violation of the Eighth and Fourteenth
Amendments to the United States Constitution. We affirm.

I. Legal & Factual Sufficiency

A. Standards of Review

 In reviewing the legal sufficiency of the evidence to support a conviction, we view
all the evidence in the light most favorable to the verdict in order to determine whether any
rationale trier of fact could have found the essential elements of the crime beyond a
reasonable doubt. (4) In a factual sufficiency review, we view the evidence in a neutral light
and ask whether a jury was rationally justified in finding guilt beyond a reasonable doubt. (5) 
We then determine whether the evidence supporting the verdict is so weak that the verdict
is clearly wrong and manifestly unjust or whether the verdict is against the great weight and
preponderance of the conflicting evidence. (6) We will not reverse a case on a factual
sufficiency challenge unless we can say, with some objective basis in the record, that the
great weight and preponderance of the evidence contradicts the jury's verdict. (7) The
fact-finder is the exclusive judge of the witnesses' credibility and of the weight to be given
to their testimony. (8)

B. Trial Evidence

 The State's case against appellant was built on the testimony of Kingsville Police
Department Officers Henry Cantu and Herman Cantu. Officer Henry Cantu testified that
on April 17, 2004, at approximately 2:20 a.m., he witnessed appellant run a stop sign while
operating a motor vehicle. After appellant failed to immediately stop her vehicle in
response to the flashing lights on his patrol vehicle, Officer Henry Cantu turned on his
vehicle's siren. Appellant then stopped her vehicle in front of a residence, which was her
home. Appellant immediately exited the vehicle and began walking towards the residence. 
Officer Henry Cantu interpreted appellant's conduct as an attempt to evade him; he
commanded appellant to "stop," and appellant then turned around and walked towards
him. He then immediately placed appellant in handcuffs and put her in the back of his
patrol vehicle. Officer Henry Cantu testified that (1) appellant admitted to having a beer
or two; (2) her speech was slightly slurred; (3) her eyes were red and bloodshot; (4) her
breath smelled of alcohol; (5) she failed to give straightforward answers to questions
asked; (5) he was unable to completely perform a horizontal gaze nystagmus test on
appellant because he could not get her to concentrate on the tip of his pen; and (6) she
refused to take a breathalyzer test. He testified that these factual observances were
indicators of intoxication, and he expressed his belief that appellant was intoxicated.

 Officer Henry Cantu further testified that (1) the vehicle appellant was seen
operating was registered under her name; (2) a usable quantity of marihuana was found
in the ashtray of her vehicle; (3) the vehicle emitted an odor of marihuana; (4) appellant
stated that the marihuana belonged to a friend, and she asked for leniency in exchange
for her providing the friend's name; and (5) the vehicle contained a second occupant,
Daniel Trevino, who denied ownership of the marihuana. Officer Herman Cantu, who
arrived on the scene shortly after appellant's vehicle was pulled over, testified that (1) he
found marihuana cigarettes in appellant's vehicle, commonly referred to as "roaches"; (2)
he smelled a fresh odor of burned marihuana in the vehicle; (3) the amount of marihuana
was a usable quantity; and (4) appellant's hands did not smell of marihuana, which is
typically an effective means of telling whether one has recently used marihuana.

 Daniel Trevino, who was in appellant's vehicle at the time she was stopped by
Officer Henry Cantu, testified in appellant's behalf. Trevino testified that (1) he was
currently dating appellant and that he had been dating her at the time of her arrest; (2)
appellant had not had anything to drink on the night in question; and (3) he did not know
how the marihuana discovered by the officers came to be in appellant's vehicle. Dr. Jose
M. Ugarte also testified for appellant. He testified that (1) he had been appellant's medical
doctor since 1993; (2) appellant suffered from systemic lupus erythematosus, fibromyalgia,
and chronic depression, for which she received medication; and (3) these ailments, along
with the medication required for proper treatment, can affect a person's speech and
behavior.

C. Sufficiency of Evidence Regarding DWI Conviction

 In order to convict appellant of driving while intoxicated, the State had to prove
beyond a reasonable doubt that appellant operated a motor vehicle in a public place while
intoxicated. (9) On appeal, appellant challenges the sufficiency of the evidence proving that
she was intoxicated. Under the Texas Penal Code, the term "intoxicated" means (1) "not
having the normal use of mental or physical faculties by reason of the introduction of
alcohol, a controlled substance, a drug, a dangerous drug, a combination of two or more
of those substances, or any other substance into the body," or (2) "having an alcohol
concentration of 0.08 or more." (10)

 Viewed in a light most favorable to the verdict, we find that the aforementioned
testimony of Officer Henry Cantu constitutes legally sufficient evidence of appellant's
intoxication. (11) His observations regarding appellant's slurred speech, her bloodshot eyes,
and an alcoholic odor on appellant's breath, all constitute evidence of intoxication, (12) as
does appellant's refusal to take a breathalyzer test. (13) When viewed in a neutral light, we
cannot say that the jury was not rationally justified in finding appellant guilty beyond a
reasonable doubt. The jury was free to reject Trevino's testimony that appellant did not
drink on the night in question; furthermore, they were free to conclude that appellant's
behavior was the product of intoxication, rather then a product of her physical ailments or
medication.

D. Sufficiency of Evidence Regarding Possession of Marihuana Conviction

 In order to convict appellant of possession of marihuana, the State had to prove
beyond a reasonable doubt that appellant knowingly or intentionally possessed a usable
quantity of marihuana. (14) On appeal, appellant asserts that the State did not prove that the
substance found in her vehicle was marihuana. Appellant specifically asserts that "the
[S]tate never offered a lab test result indicating, in fact, that the alleged 'roaches' found in
the ash tray of [her] car contained marijuana. All that was offered by the [S]tate was the
testimony of the officers as to what these 'roaches' may have contained."

 In addition to Officers Henry Cantu and Herman Cantu stating that, based on their
experience, they believed that the cigarettes found in appellant's vehicle contained
marihuana, Officer Henry Cantu also testified that appellant openly admitted to him that the
cigarettes contained marihuana. He testified that appellant told him that the marihuana
belonged to a friend, and she asked for leniency in exchange for her providing the friend's
name. Appellant never attempted to refute this testimony. Accordingly, we find that the
aforementioned testimony constitutes legally and factually sufficient evidence that the
substance found in appellant's possession was marihuana.

II. Disproportionate Punishment

 Texas courts have consistently held that even constitutional errors involving
disproportionate sentences can be waived by failing to object at trial. (15) Here, the record
reflects that appellant did not object to the imposition of punishment at trial nor did she
raise the complaint in a motion for new trial. (16) Accordingly, we conclude that appellant
failed to preserve this complaint for review. In any event, the punishment does not violate
constitutional provisions. The Eighth Amendment does not require strict proportionality
between the crime and the sentence; rather, it forbids only extreme sentences that are
grossly disproportionate. (17) Texas courts have traditionally held that, as long as the
punishment assessed is within the range prescribed by the Legislature in a valid statute,
the punishment is not excessive. (18)

 The punishments assessed in the instant case were within the statutorily permissible
range. Thus, appellant's punishments were not grossly disproportionate to the offenses. (19) 
Because appellant has failed to preserve her complaint on appeal, and because her
punishment fell within the limits prescribed by a valid statute, we overrule appellant's final
issue.

III. Conclusion

 We affirm the trial court's judgments.




 

 LINDA REYNA YAÑEZ,

 Justice






Do not publish. Tex. R. App. P. 47.2(b).


Memorandum Opinion delivered and filed 

this the 29th day of August, 2008.

1. See Tex. Penal Code Ann. § 49.04 (Vernon 2003).
2. See Tex. Health & Safety Code Ann. § 481.121(a), (b)(1) (Vernon 2007).
3. See Tex. Penal Code Ann. § 49.09(a) (Vernon 2003).
4. Jackson v. Virginia, 443 U.S. 307, 319 (1979); Hampton v. State, 165 S.W.3d 691, 693 (Tex. Crim.
App. 2005).
5. See Watson v. State, 204 S.W.3d 404, 414 (Tex. Crim. App. 2006).
6. Id. at 415.
7. Id. at 417.
8. Cain v. State, 958 S.W.2d 404, 408-09 (Tex. Crim. App. 1997).
9. See Tex. Penal Code Ann. § 49.04.
10. Id. § 49.01 (Vernon 2003).
11. See Little v. State, 853 S.W.2d 179, 183 (Tex. App.-Corpus Christi 1993, no pet.) ("The
uncorroborated testimony of an arresting officer is sufficient to prove the element of intoxication.").
12. Cotton v. State, 686 S.W.2d 140, 143 n.3 (Tex. Crim. App. 1985).
13. See Hartman v. State, 198 S.W.3d 829, 834 (Tex. App.-Corpus Christi 2006, pet. dism'd).
14. See Tex. Health & Safety Code Ann. § 481.121(a).
15. See Curry v. State, 910 S.W.2d 490, 497-98 (Tex. Crim. App. 1995) (citing Garcia v. State, 887
S.W.2d 846, 861 (Tex. Crim. App. 1994) (failure to raise Eighth Amendment objection at trial waives any such
claim on appeal)); Quintana v. State, 777 S.W.2d 474, 479 (Tex. App.-Corpus Christi 1989, pet. ref'd) (holding
that failure to object to a sentence as cruel and unusual forfeits error).
16. See Tex. R. App. P. 33.1(a).
17. See Ewing v. California, 538 U.S. 11, 23 (2003).
18. See Jordan v. State, 495 S.W.2d 949, 952 (Tex. Crim. App. 1973); Trevino v. State, 174 S.W.3d
925, 928 (Tex. App.-Corpus Christi 2005, pet. ref'd); see also Escochea v. State, 139 S.W.3d 67, 80 (Tex.
App.-Corpus Christi 2004, no pet.).
19. See Ewing, 538 U.S. at 23.