

NUMBER 13-10-00183-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

SAMUEL CHARLES VAN NESS IV
A/K/A SAMUEL CHARLES VANNESS IV,                    Appellant,

v.

THE STATE OF TEXAS,                    Appellee.

## On appeal from the County Court at Law
of Polk County, Texas.

# MEMORANDUM OPINION

### Before Chief Justice Valdez and Justices Rodriguez and Garza
Memorandum Opinion by Justice Rodriguez

Appellant Samuel Charles Van Ness IV a/k/a Samuel Charles Vanness IV challenges his conviction for driving while intoxicated, a class B misdemeanor, for which he was sentenced to 180 days' incarceration in county jail. *See* TEX. PENAL CODE ANN. § 49.04(a)-(b) (West 2003). By one issue, Van Ness argues that the evidence was

insufficient to prove that he "did not have the normal use of his mental or physical faculties *by reason of the introduction of alcohol into his body*." (Emphasis in original.) We affirm.

## I. BACKGROUND[1]

Van Ness was charged by information and complaint as follows:

[O]n or about the 20th day of November, 2009, . . . in the County of Polk and the State of Texas, SAMUEL CHARLES VANNESS, IV, defendant[,] did then and there operate a motor vehicle in a public place while the said defendant was intoxicated by not having the normal use of mental or physical faculties by reason of the introduction of alcohol into the body.

Van Ness pleaded not guilty, and the case was tried to a jury.

At trial, the State offered the testimony of one witness—Livingston Police Department Officer Scott Paske, the officer who made the traffic stop and arrest. Officer Paske testified that he pulled Van Ness over after Van Ness made an "aggressive" left turn in front of his patrol car without signaling, which Officer Paske testified was illegal. Officer Paske approached Van Ness's vehicle and stated that "[r]ight away, [he] could smell an odor of alcohol when [he] was talking to him, coming from [Van Ness's] breath and in the vehicle." Officer Paske ordered Van Ness to step out of the vehicle, and when he did, Van Ness was "unsteady, unbalanced, and slurring at certain times." Officer Paske testified that he looked inside the vehicle and saw a "12-ounce can of beer open, sitting on the driver's floorboard" and "a third pack of beer sitting behind the driver's seat." Officer Paske testified that he is trained to detect intoxication and that the odor of alcohol, slurred speech, and poor balance are all signs of intoxication.

---

[1] This case is before the Court on transfer from the Ninth Court of Appeals in Beaumont pursuant to an order issued by the Supreme Court of Texas. *See* TEX. GOV'T CODE ANN. § 73.001 (West 2005).

2

Officer Paske attempted to conduct field sobriety tests on Van Ness,[2] but Van Ness was uncooperative. Officer Paske stated that Van Ness "started dancing" and told Officer Paske, "Just take me to jail" and "Go ahead and arrest me." Officer Paske then arrested Van Ness. When he put Van Ness in his patrol car, Van Ness became more aggressive and "cuss[ed]" at Officer Paske. Officer Paske testified that he transported Van Ness to the police station, and when he placed Van Ness in a cell, Van Ness "got completely naked other than his shirt. He took off his socks, pants, and underwear, and he urinated all over everywhere except for the toilet that's provided in the cell." Officer Paske asked Van Ness for a blood sample because he believed that Van Ness also "had narcotics in his system." Van Ness offered to give a breath sample but refused the blood test.

On cross examination, Officer Paske testified that he stopped Van Ness in what is known to be a "potentially high narcotics-trafficking area." When asked by defense counsel whether he believed he would "find narcotics on [Van Ness]," Officer Paske responded, "I had no idea."

After the close of evidence and argument of counsel, the jury was charged that it could find Van Ness guilty of driving while intoxicated if the evidence proved beyond a reasonable doubt that Van Ness "was intoxicated by reason of the introduction of alcohol into his body, and while so intoxicated, did operate a motor vehicle in a public place . . . ." The jury returned a guilty verdict. Punishment was tried to the court, which sentenced Van Ness to 180 days' confinement in the Polk County Jail and assessed a fine of $750.

---

[2] Officer Paske testified that his certification to perform field sobriety tests was expired at the time of Van Ness's traffic stop. Van Ness does not challenge anything related to the attempted field sobriety tests on appeal.

This appeal followed.

## II. STANDARD OF REVIEW AND APPLICABLE LAW

In a sufficiency review, courts examine the evidence in the light most favorable to the verdict to determine whether "any rational fact finder could have found guilt beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *see Brooks v. State*, 323 S.W.3d 893, 895 (Tex. Crim. App. 2010) ("[T]he Jackson legal-sufficiency standard is the only standard that a reviewing court should apply in determining whether the evidence is sufficient to support each element of a criminal offense that the State is required to prove beyond a reasonable doubt."). This standard requires reviewing courts to resolve any evidentiary inconsistencies in favor of the judgment, keeping in mind that the fact finder is the exclusive judge of the facts, the credibility of the witnesses, and the weight to give their testimony. *Brooks*, 323 S.W.3d at 899; *see* TEX. CODE CRIM. PROC. ANN. art. 38.04 (West 1979) ("The jury, in all cases, is the exclusive judge of the facts proved, and of the weight to be given to the testimony . . . ."). Appellate courts do not re-evaluate the weight and credibility of the evidence; they only ensure that the jury reached a rational decision. *Laster v. State*, 275 S.W.3d 512, 517 (Tex. Crim. App. 2009).

Legal sufficiency is measured by the elements of the offense as defined by a hypothetically correct jury charge. *Villarreal v. State*, 286 S.W.3d 321, 327 (Tex. Crim. App. 2009); *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). "Such a charge is one that accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's

4

theories of liability, and adequately describes the particular offense for which the defendant was tried." *Villarreal*, 286 S.W.3d at 327; *see Malik*, 953 S.W.2d at 240. In this case, Van Ness committed the offense if he was "intoxicated while operating a motor vehicle in a public place." TEX. PENAL CODE ANN. § 49.04(a). "Intoxicated" means "not having the normal use of mental or physical faculties by reason of the introduction of alcohol, a controlled substance, a drug, a dangerous drug, a combination of two or more of those substances, or any other substance into the body." *Id.* § 49.01(2)(A) (West 2003).

### III. DISCUSSION

By his sole issue, Van Ness argues that the evidence was insufficient to prove that he was intoxicated as alleged in the complaint and information in his case. Specifically, Van Ness argues that because he was "stopped in a high narcotics trafficking area, the arresting officer believed he had narcotics in his system, and [he] offered to give a breath specimen[ and] not blood," "[n]arcotics might well have been a cause of [Van Ness]'s condition." In other words, Van Ness argues that the State was required to prove that "he was intoxicated by reason of alcohol alone," and because it failed to do so, the evidence supporting the intoxication element was insufficient. We disagree.

First, we note that in *Gray v. State*, the Texas Court of Criminal Appeals held that "the substance that causes intoxication is not an element of the offense" of driving while intoxicated and therefore does not need to be proven because it is "not the forbidden conduct, the required culpability, any required result, or the negation of any exception to the offense." 152 S.W.3d 125, 132 (Tex. Crim. App. 2004) (citing TEX. PENAL CODE ANN.

5

§ 1.07(a)(22) (West Supp. 2010) (defining "[e]lement of offense")). The court reasoned that any conclusion to the contrary would promote trials "where the defense is essentially 'Yes, I was intoxicated, but you alleged the wrong intoxicant, therefore I am entitled to an acquittal'"—which is the theory Van Ness appears to advance on appeal. *Id.* The court of criminal appeals declared that such a practice would be bad public policy: "[P]ermitting defendants to secure an acquittal merely by proving an alternative intoxicant constitutes an abuse of the system . . . contrary to the plain meaning of the DWI statute, which focuses on the acts of the defendant while intoxicated rather than the act of becoming intoxicated itself." *Id.* (internal quotations omitted). In light of *Gray*, we find Van Ness's argument unpersuasive.

Regardless, having reviewed all the evidence in the light most favorable to the verdict, we believe there was sufficient evidence presented at trial that alcohol was the substance that caused Van Ness's intoxication. Officer Paske smelled an odor of alcohol on Van Ness's breath and emanating from Van Ness's vehicle. Officer Paske also found in the vehicle an open beer can on the driver-side floorboard and a partially empty case of beer behind the driver's seat. That Officer Paske also believed Van Ness might be under the influence of narcotics does not alter the effect of the foregoing evidence—it was the job of the jury to evaluate the evidence presented at trial, and we will not second-guess their apparent factual determination that Van Ness was intoxicated by alcohol. *See Brooks*, 323 S.W.3d at 899 (holding that the jury is the exclusive judge of the facts); *Laster*, 275 S.W.3d at 517 (prohibiting the reviewing court from re-evaluating the weight and credibility of the evidence); *see also Little v. State*, 853 S.W.2d 179, 183

(Tex. App.—Corpus Christi 1993, no pet.) (citing *Annis v. State*, 578 S.W.2d 406, 407 (Tex. Crim. App. 1979)) ("[U]ncorroborated testimony of an arresting officer is sufficient to prove the element of intoxication.").   In sum, the evidence here was such that a rational jury could determine that Van Ness did not have the normal use of his mental or physical faculties by reason of the introduction of alcohol into his body.   *See* TEX. PENAL CODE ANN. §§ 49.01(2)(A), 49.04(a); *Jackson*, 443 U.S. at 318-19.   We therefore conclude that the evidence was sufficient to support the intoxication element.   Van Ness's sole issue is overruled.

## IV.  CONCLUSION

The judgment of the trial court is affirmed.

NELDA V. RODRIGUEZ
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
21st day of July, 2011.