NUMBER 13-10-00183-CR

 

COURT OF APPEALS

 

THIRTEENTH DISTRICT
OF TEXAS

 

CORPUS CHRISTI -
EDINBURG 


                                                                                                                     


 

SAMUEL CHARLES VAN
NESS IV

A/K/A SAMUEL CHARLES
VANNESS IV,                                      Appellant,

 

v.

 

THE STATE OF TEXAS,                         
                             Appellee.

                                                                                                                     
  

 

On appeal from the
County Court at Law 

of Polk County,
Texas.

                                                                                                                     


 

MEMORANDUM OPINION

 

Before Chief Justice
Valdez and Justices Rodriguez and Garza  

Memorandum Opinion by
Justice Rodriguez

                                                                                                                                    

Appellant Samuel Charles Van Ness IV
a/k/a Samuel Charles Vanness IV challenges his conviction for driving while
intoxicated, a class B misdemeanor, for which he was sentenced to 180 days'
incarceration in county jail.  See Tex.
Penal Code Ann. § 49.04(a)-(b) (West 2003).  By one issue, Van
Ness argues that the evidence was insufficient to prove that he "did not
have the normal use of his mental or physical faculties by reason of the
introduction of alcohol into his body."  (Emphasis in original.)  We
affirm.

I. 
Background[1]

 

            Van Ness was charged by information and
complaint as follows:

[O]n or about the
20th day of November, 2009, . . . in the County of Polk and the State of Texas,
SAMUEL CHARLES VANNESS, IV, defendant[,] did then and there operate a motor
vehicle in a public place while the said defendant was intoxicated by not
having the normal use of mental or physical faculties by reason of the
introduction of alcohol into the body.

 

Van Ness pleaded not guilty, and the case was tried to a
jury.

At trial, the State offered the
testimony of one witness—Livingston Police Department Officer Scott Paske, the
officer who made the traffic stop and arrest.  Officer Paske testified that he
pulled Van Ness over after Van Ness made an "aggressive" left turn in
front of his patrol car without signaling, which Officer Paske testified was
illegal.  Officer Paske approached Van Ness's vehicle and stated that
"[r]ight away, [he] could smell an odor of alcohol when [he] was talking
to him, coming from [Van Ness's] breath and in the vehicle."  Officer
Paske ordered Van Ness to step out of the vehicle, and when he did, Van Ness
was "unsteady, unbalanced, and slurring at certain times."  Officer
Paske testified that he looked inside the vehicle and saw a "12-ounce can
of beer open, sitting on the driver's floorboard" and "a third pack
of beer sitting behind the driver's seat."  Officer Paske testified that
he is trained to detect intoxication and that the odor of alcohol, slurred
speech, and poor balance are all signs of intoxication.

Officer Paske attempted to conduct field
sobriety tests on Van Ness,[2]
but Van Ness was uncooperative.  Officer Paske stated that Van Ness
"started dancing" and told Officer Paske, "Just take me to
jail" and "Go ahead and arrest me."  Officer Paske then arrested
Van Ness.  When he put Van Ness in his patrol car, Van Ness became more
aggressive and "cuss[ed]" at Officer Paske.  Officer Paske testified
that he transported Van Ness to the police station, and when he placed Van Ness
in a cell, Van Ness "got completely naked other than his shirt.  He took
off his socks, pants, and underwear, and he urinated all over everywhere except
for the toilet that's provided in the cell."  Officer Paske asked Van Ness
for a blood sample because he believed that Van Ness also "had narcotics
in his system."  Van Ness offered to give a breath sample but refused the
blood test.

On cross examination, Officer Paske
testified that he stopped Van Ness in what is known to be a "potentially
high narcotics-trafficking area."  When asked by defense counsel whether
he believed he would "find narcotics on [Van Ness]," Officer Paske
responded, "I had no idea."

            After the close of evidence and argument of
counsel, the jury was charged that it could find Van Ness guilty of driving
while intoxicated if the evidence proved beyond a reasonable doubt that Van
Ness "was intoxicated by reason of the introduction of alcohol into his
body, and while so intoxicated, did operate a motor vehicle in a public place .
. . ."  The jury returned a guilty verdict.  Punishment was tried to the
court, which sentenced Van Ness to 180 days' confinement in the Polk County
Jail and assessed a fine of $750.  This appeal followed.

II. 
Standard of Review and Applicable Law

 

            In a sufficiency review, courts examine the
evidence in the light most favorable to the verdict to determine whether
"any rational fact finder could have found guilt beyond a reasonable
doubt."  Jackson v. Virginia, 443 U.S. 307, 319 (1979); see
Brooks v. State, 323 S.W.3d 893, 895 (Tex. Crim. App. 2010) ("[T]he
Jackson legal-sufficiency standard is the only standard that a reviewing court
should apply in determining whether the evidence is sufficient to support each
element of a criminal offense that the State is required to prove beyond a
reasonable doubt.").  This standard requires reviewing courts to resolve
any evidentiary inconsistencies in favor of the judgment, keeping in mind that
the fact finder is the exclusive judge of the facts, the credibility of the
witnesses, and the weight to give their testimony.  Brooks, 323 S.W.3d
at 899; see Tex. Code Crim. Proc.
Ann. art. 38.04 (West 1979) ("The jury, in all cases, is
the exclusive judge of the facts proved, and of the weight to be given to the
testimony . . . .").  Appellate courts do not re-evaluate the weight and
credibility of the evidence; they only ensure that the jury reached a rational
decision.  Laster v. State, 275 S.W.3d 512, 517 (Tex. Crim. App. 2009).

Legal sufficiency is measured by the
elements of the offense as defined by a hypothetically correct jury charge.  Villarreal
v. State, 286 S.W.3d 321, 327 (Tex. Crim. App. 2009); Malik v. State,
953 S.W.2d 234, 240 (Tex. Crim. App. 1997).  "Such a charge is one that
accurately sets out the law, is authorized by the indictment, does not
unnecessarily increase the State's burden of proof or unnecessarily restrict
the State's theories of liability, and adequately describes the particular
offense for which the defendant was tried."  Villarreal, 286 S.W.3d
at 327; see Malik, 953 S.W.2d at 240.  In this case, Van Ness committed
the offense if he was "intoxicated while operating a motor vehicle in a
public place."  Tex. Penal Code Ann.
§ 49.04(a).  "Intoxicated" means "not having the normal use of
mental or physical faculties by reason of the introduction of alcohol, a
controlled substance, a drug, a dangerous drug, a combination of two or more of
those substances, or any other substance into the body."  Id. §
49.01(2)(A) (West 2003).

III. 
Discussion

 

            By his sole issue, Van Ness argues that the
evidence was insufficient to prove that he was intoxicated as alleged in the
complaint and information in his case.  Specifically, Van Ness argues that
because he was "stopped in a high narcotics trafficking area, the
arresting officer believed he had narcotics in his system, and [he] offered to
give a breath specimen[ and] not blood," "[n]arcotics might well have
been a cause of [Van Ness]'s condition."  In other words, Van Ness argues
that the State was required to prove that "he was intoxicated by reason of
alcohol alone," and because it failed to do so, the evidence supporting
the intoxication element was insufficient.  We disagree.

            First, we note that in Gray v. State,
the Texas Court of Criminal Appeals held that "the substance that causes
intoxication is not an element of the offense" of driving while
intoxicated and therefore does not need to be proven because it is "not
the forbidden conduct, the required culpability, any required result, or the negation
of any exception to the offense."  152 S.W.3d 125, 132 (Tex. Crim. App.
2004) (citing Tex. Penal Code Ann.
§ 1.07(a)(22) (West Supp. 2010) (defining "[e]lement of offense")). 
The court reasoned that any conclusion to the contrary would promote trials
"where the defense is essentially 'Yes, I was intoxicated, but you alleged
the wrong intoxicant, therefore I am entitled to an acquittal'"—which is
the theory Van Ness appears to advance on appeal.  Id.  The court of
criminal appeals declared that such a practice would be bad public policy: 
"[P]ermitting defendants to secure an acquittal merely by proving an
alternative intoxicant constitutes an abuse of the system . . . contrary to the
plain meaning of the DWI statute, which focuses on the acts of the defendant
while intoxicated rather than the act of becoming intoxicated itself."  Id.
(internal quotations omitted).  In light of Gray, we find Van Ness's
argument unpersuasive.

Regardless, having reviewed all the
evidence in the light most favorable to the verdict, we believe there was
sufficient evidence presented at trial that alcohol was the substance that
caused Van Ness's intoxication.  Officer Paske smelled an odor of alcohol on
Van Ness's breath and emanating from Van Ness's vehicle.  Officer Paske also found
in the vehicle an open beer can on the driver-side floorboard and a partially
empty case of beer behind the driver's seat.  That Officer Paske also believed
Van Ness might be under the influence of narcotics does not alter the effect of
the foregoing evidence—it was the job of the jury to evaluate the evidence
presented at trial, and we will not second-guess their apparent factual
determination that Van Ness was intoxicated by alcohol.  See Brooks,
323 S.W.3d at 899 (holding that the jury is the exclusive judge of the facts); Laster,
275 S.W.3d at 517 (prohibiting the reviewing court from re-evaluating the
weight and credibility of the evidence); see also Little v. State,
853 S.W.2d 179, 183 (Tex. App.—Corpus Christi 1993, no pet.) (citing Annis
v. State, 578 S.W.2d 406, 407 (Tex. Crim. App. 1979))
("[U]ncorroborated testimony of an arresting officer is sufficient to
prove the element of intoxication.").  In sum, the evidence here was such
that a rational jury could determine that Van Ness did not have the normal use
of his mental or physical faculties by reason of the introduction of alcohol
into his body.  See Tex. Penal
Code Ann. §§ 49.01(2)(A), 49.04(a); Jackson, 443 U.S. at 318-19. 
We therefore conclude that the evidence was sufficient to support the
intoxication element.  Van Ness's sole issue is overruled.   

IV. 
Conclusion

 

            The judgment of the trial court is affirmed.

            

 

 

 

                                                                                                             NELDA
V. RODRIGUEZ

                                                                                                             Justice

 

Do not publish.

Tex.
R. App. P.
47.2(b).

 

Delivered and filed
the  

21st day of July,
2011.

                                                                                                                                                            









[1]
This case is before the Court on transfer from the Ninth Court of Appeals in
Beaumont pursuant to an order issued by the Supreme Court of Texas.  See
Tex. Gov't Code Ann. § 73.001 (West
2005).





[2]
Officer Paske testified that his certification to perform field sobriety tests
was expired at the time of Van Ness's traffic stop.  Van Ness does not
challenge anything related to the attempted field sobriety tests on appeal.